CLERK'S COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED AT ALBUQUERQUE NM

MAY 1 9 1999

ROBERT M. MARCH
CLERK

DARRYL ANTHONY KELLY,

    Plaintiff,

v.

No. CIV-98-1569 LH/DJS

CORRECTIONS FOODSERVICE MANAGEMENT,
COMMISSARY OPERATIONS-WESTERN REGION,
SANDOVAL COUNTY DET.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint asserts three claims based on allegations that commissary prices are unfairly



high, inmates are unfairly charged state taxes on cigarettes, and two meals were nutritionally inadequate. These allegations are liberally construed as asserting claims under the Eighth Amendment. Plaintiff seeks damages.

Plaintiff's allegations do not support claims under the Eighth Amendment. " 'Punishments incompatible with the evolving standards of decency that mark the progress of a maturing society or involv[ing] the unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment.' " *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Hudson v. McMillian*, 503 U.S. 1, 10 (1992). "The Constitution... 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 347 (1981)).

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, [or] supplying medical needs.

*Whitley v. Albers*, 475 U.S. 312, 319 (1986). Under standards described by the Supreme Court, Plaintiff's claims of high commissary prices and two instances of unsatisfactory meals are legally frivolous. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2